UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN SCOTT COSNER and JASON RYAN McDERMOTT,<br><br>Petitioners,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>Respondent. | Case No. 1:26-cv-00169-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is a Petition filed by inmates Justin Scott Cosner and Jason Ryan McDermott that is entitled "Motion for Void Judgment." Dkt. 1. Petitioners assert that their Idaho state judgments of conviction "are unconstitutionally upheld due to lack of proper jurisdiction" because "ALL crimes are COMMERICAL CRIMES and subject to the supreme jurisdiction of any/all designees for Admiralty/Maritime law(s) and Article III Courts of Constitution issues…." *Id*. at 1. They assert that "Idaho retained jurisdiction over Petitioners' cases when the Judgments of Conviction were declared upon them, albeit in the wrong court; thus making the Supreme Court and United States District Court the holders in due course, by—proxy of the lower court's fraud,—where it created a nonexistent injured party." *Id*. at 4. Petitioners allege that under "the rules

governing 27 CFR 72.11 … each 'crime' delegated and defined by each state entity has a monetary value attached to it. Since all legal tender (money) is controlled/managed by the U.S. Treasury, all such legal tender is deemed Federal tender; meaning: all 'crimes' are of commercial value. Due to this factor is why Petitioners were tried in the wrong court." *Id*.

**1. McDermott: Successive Petition**

Petitioner McDermott has already had one prior petition for writ of habeas corpus adjudicated to a conclusion and dismissed with prejudice in the federal court, *McDermott v. Carlin*, Case No. 3:115-cv-00425-EJL, Dkts. 25, 26.

A prisoner is permitted to file only one federal habeas corpus petition that challenges the conviction and sentence under which he is being held. 28 U.S.C. § 2244(a). Before a prisoner can file additional petitions challenging the same conviction and sentence, he must first obtain authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). "[A] district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application" because it lacks jurisdiction to do so. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (citations omitted).

**2. Cosner: Untimely Petition**

This is Petitioner Cosner's first federal habeas corpus petition. It is untimely. Petitioner's challenge to his state court criminal judgment is governed by Title 28

U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). The relevant portion of the statute requires a federal habeas corpus petition to be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Cosner was convicted of robbery and sentenced to 15 to 25 years in prison in the Idaho District Court. His judgment of conviction was entered on December 15, 2014, and the Remittitur in Petitioner's final appellate challenge to his conviction was entered on February 16, 2018. *See State of Idaho v. Justin Scott Cosner*, Ada County District Court Case No. CR-FE-2014-847[1]. To be timely, his federal habeas petition should have been filed no later than 2019.

**3. Both Petitioners: Frivolous Claims**

Petitioners' claims are based in frivolous legal theories, derived from popular but erroneous "Constitutionalist" or "sovereign citizen" theories of government. This is evidenced by references to admiralty law and the Uniform Commercial Code, which are not applicable to § 2254 habeas petitions challenging a state court conviction.

This frivolous legal theory originated in the context of tax protests and has been advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been consistently rejected by the courts. *See United States v. Studley*,

---

[1] *See* https://preview.icourt.idaho.gov/case/CR-FE-2014-847/county/Ada (accessed 6/6/2026).

783 F.2d 934, 937 (9th Cir. 1986) (holding that Studley's argument that "she is not a 'taxpayer' because she is an absolute, freeborn and natural individual ... is frivolous. An individual is a 'person' under the Internal Revenue Code."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the Republic of Idaho and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The Usurping Octopus of Jurisdictional Authority: The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785 (1999).

One researcher of the sovereign citizen movement observed: "When sovereign citizens are brought into a court for any violation of the law, even for a violation as minor as traffic violations or failure to pay pet-licensing fees, these litigants will file dozens of court filings containing hundreds of pages of pseudo-legal nonsense." Mellie Ligon, Comment, *The Sovereign Citizen Movement: A Comparative Analysis with Similar Foreign Movements and Takeaways for the United States Judicial System*, 35 Emory Int'l L. Rev. 297, 307 (2021). This description fits the 50-page motion filed in this case. Petitioners' legal theories are frivolous.

**4. Conclusion**

Neither party can proceed on the meritless theories contained in the Petition. Petitioner McDermott cannot proceed on a habeas petition challenging the same

conviction as his prior federal habeas corpus petition without first obtaining authorization from the Ninth Circuit Court of Appeals. Petitioner Cosner cannot proceed because his Petition is untimely and he has not provided adequate grounds to show the equitable tolling, equitable estoppel, or actual innocence exception should be applied. Because the claims are frivolous, the Court will dismiss this case with prejudice.

**ORDER**

**IT IS ORDERED** that the Motion to Void Judgment (Dkt. 1), construed as a federal habeas corpus petition challenging Petitioners' state convictions under 28 U.S.C. § 2254), is DENIED and DISMISSED as frivolous.

DATED: October 12, 2026

B. Lynn Winmill
U.S. District Court Judge